UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

GEORGE IVERSON, Individually, )
)  Case No. 04-12299
Plaintiff, )
)  Magistrate Judge
vs. )
)
NEWPORT HOTEL GROUP, LLC, a Rhode Island )
Corporation, and JON E. COHEN, DOUGLAS D. )
COHEN and RENEE COHEN, as Trustees of )
Hyannis Harborview Resort Condominium Trust, )
)
Defendants. )
_____/ )

## COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, GEORGE IVERSON, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendants, NEWPORT HOTEL GROUP, LLC, a Rhode Island Corporation, and JON E. COHEN, DOUGLAS D. COHEN and RENEE COHEN, as Trustees of Hyannis Harborview Resort Condominium Trust (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

### JURISDICTION AND VENUE

1.   Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and

1

§ 2202.

2. Venue is properly in the United States District Court for the DISTRICT of MASSACHUSETTS because venue lies in the judicial district of the property situs. The subject property owned or operated by Defendants is located in and does business within this judicial district.

3. Plaintiff, George Iverson, is an individual residing at 130 Dartmouth Street, #905, Boston, Massachusetts 02116, in the County of Suffolk.

4. Defendants' property, HYANNIS HARBOR HOTEL is located at 213 Ocean Street, Hyannis, MA 02601 in the county of Barnstable.

## STATUTORY BACKGROUND

5. On July 26, 1990, Congress enacted the Americans with Disabilities Act of 1990, establishing important civil rights for individuals with disabilities, including the right to full and equal enjoyment of goods, services, facilities, privileges, and access to places of public accommodation.

6. Among other things, Congress made findings in 42 U.S.C. § 12101 (a)(1)-(3), (5) and (9) that included:

   a. Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   b. Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    c.    Discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting and access to public services;

    d.    Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs or other opportunities; and

    e.    The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

7.    Congress also explicitly stated in 42 U.S.C. §12101 (b)(1)(2) and (4) that the purpose of the Americans with Disabilities Act was to:

    a.    Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    b.    Provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    c.    Invoke the sweep of congressional authority, including the power to enforce the

fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

8. Furthermore, pursuant to 42 U.S.C. § 12182 and 28 CFR 36.201(a), Congressional intent was for no place of public accommodation to discriminate against an individual, on the basis of such individual's disability, with regard to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations at that place of public accommodation.

9. Congress provided commercial businesses at least 18 months from enactment make their facilities compliant to the regulations in the Americans with Disabilities Act. The effective date of Title III of the ADA was January 26,1992, or January 26,1993, if the Defendant has ten (10) or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 CFR 36.508(a).

## THE PARTIES AND STANDING

10. Plaintiff George Iverson is a Massachusetts resident, is sui juris and qualifies as an individual with disabilities as defined by the ADA. George Iverson has visited the property which forms the basis of this lawsuit but was unable to use the facility because it was inaccessible. Plaintiff intends to use the Defendants' facility, a public accommodation, once the facility is made accessible. The Plaintiff has encountered architectural barriers at the subject property.

11. The barriers to access at the property have endangered his safety.

12. George Iverson has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described but

not necessarily limited to the allegations in paragraph 17 of this complaint.

13. Defendants, own; or lease; or lease to; or operate a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendants are responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendants own, operate, lease or lease to is known as HYANNIS HARBOR HOTEL, and is located at 213 Ocean Street, Hyannis, MA 02601.

14. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

15. George Iverson desires to visit HYANNIS HARBOR HOTEL not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

16. The Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq.

## THE INSTANT CLAIM

17. The Defendants have discriminated and are continuing to discriminate against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of HYANNIS HARBOR HOTEL has shown that violations exist. These violations include, but are not limited to:

**Parking**

A. In this parking area, there are no compliant parking of spaces designated for disabled use, in violation of Sections 4.1.2 and 4.6.1 of the ADAAG.

B. The disabled used spaces do not have clear and level access aisles provided, violating sections 4.1.2 and 4.6.3 of the ADAAG.

C. There is no compliant accessible route from the parking areas to the facility, in violation of Sections 4.3.2, 4.6.2 and 4.6.3 of the ADAAG.

D. There are no signs designating the disabled use spaces in violation of Section 4.6.4 of the ADAAG.

E. The signs designating the disabled use spaces are not posted at sufficient heights, in violation of Section 4.6.4 of the ADAAG.

F. The ramps provided from the parking areas to the facility have slopes, in excess of the limits prescribed in Section 4.8 of the ADAAG.

G. There are no proper handrails provided for the ramps from the parking areas to the facility, in violation of Section 4.8.5 of the ADAAG.

H. The accessible parking spaces are improperly dispersed and marked as per US Code 23, Section 109D (striped in white and prominently outlined in blue), and in violation of section 4.6.2 of the ADAAG.

I. There is a passenger unloading area provided without designating an area for disabled use in violation of Section 4.6.6 of the ADAAG.

**Entrance Access and Path of Travel**

A. There are no accessible routes from the street, sidewalk and parking areas, violating Sections 4.3.2, 4.5.2, 4.7.1 and 4.8.2 of the ADAAG.

B. There are ramps at the facility that do not have level landings and/or contain excessive slopes, side slopes or cross slopes in violation of Sections 4.8.2, 4.8.4 and 4.8.6 of the ADAAG.

C. There are rises at the thresholds of entrances at the facility in excess of 3/4 of an inch, violating Section 4.13.5 of the ADAAG.

D. The clear width and/or maneuvering clearances at doors to the facility are less than prescribed, violating Section 4.13.5 of the ADAAG.

E. There are stairs provided at the facility that do not comply with the standards prescribed in Section 4.9 of the ADAAG.

F. There is not a continuous path of travel connecting all essential elements of the facility, violating Sections 4.3.1 and 4.3.1 of the ADAAG.

G. There is no accessible path of travel from the lobby to the accessible rooms.

**Access to Goods and Services**

A. There are protruding objects present throughout the facility, in violation of Section 4.4 of the ADAAG.

B. There are permanently designated interior spaces without proper signage in violation of Section 4.30.6 of the ADAAG.

C. There are counters throughout the facility in excess of 36", in violation of Section 7.2(1) of the ADAAG.

D. There are vending machines for public use at the facility without the required disabled use elements, in violation of the ADAAG.

E. There are self-service areas with dispensers whose controls are outside the reach ranges prescribed in Section 4.2 of the ADAAG.

F. There are recreational areas for public use at the facility without the required disabled use elements, in violation of the ADAAG.

G. There is insufficient clear floor space to access goods or services at the facility, in violation of several Sections of the ADAAG.

H. There is fixed or built-in seating provided at the facility that does not comply with the standards prescribed in Section 4.32 of the ADAAG.

I. The restaurants at the facility are inaccessible and not compliant with the ADAAG in terms of access, path of travel, compliant tables and restrooms.

**Restrooms**

A. In the common area, restrooms are not compliant with the ADAAG.

B. There are exposed pipes in restrooms at the facility, in violation of Section 4.19.4 of the ADAAG.

C. The sinks in the restrooms provided do not meet the requirements of ADAAG section 4.24.

D. The clear floor space provided in the restrooms violates the provisions of Sections 4.2.1, 4.18.3 and 4.22 of the ADAAG.

E. The grab-bars in the restrooms do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG.

F. There are urinals provided for public use that do not comply with the standards set forth in Section 4.18 of the ADAAG.

G. The toilet stalls provided for public use at the facility are in violation of Section 4.16 of the ADAAG.

H. The water closets that are provided for public use at the facility violate the provisions of Section 4.16 of the ADAAG.

I. The mirrors provided for public use in the restrooms are in violation of the requirements in Section 4.19 of the ADAAG.

J. There are dispensers provided for public use in the restrooms with controls outside the ranges prescribed in Section 4.27 of the ADAAG.

K. There are amenities provided for public use that do not comply with the requirements of the ADAAG.

**Accessible Guest Rooms**

A. There are no compliant accessible hotel rooms in violation of ADAAG Section 9.

B. There are no designated disabled rooms with a roll-in shower in violation of ADAAG Section 9.

C. There are areas for storage provided without the clear floor space prescribed in Sections 4.2 and 9 of the ADAAG.

D. The rooms for disabled use provide elements not equipped for use by the hearing/visually impaired violating Section 9 of the ADAAG.

E. The rooms for disabled use provide elements with controls/dispensers outside of the required ranges violating Sections 4.2 of the ADAAG.

F. The sinks in the restroom in the room for disabled use do not meet the requirements prescribed in Sections 4.19 of the ADAAG.

G. The clear floor space provided in the restroom of the room designated for disabled use violates Sections 4.18.3 and 4.22 of the ADAAG.

H. The grab-bars in the restroom in the room for disable use do not comply with the requirements prescribe din the ADAAG.

I. The mirrors and dispensers provided in the restroom designated for disable use are in violation of the requirements in Section 4.19 and 4.27 of the ADAAG.

J. There is no clear path of travel provided between all elements provided in the room for disabled use, violating Section 9 of the ADAAG.

K. The fixtures in the disabled use room have controls that are not easily operated with a closed fist in violation for the ADAAG.

**Indoor Pool**

A. There is no water access for a wheelchair user in violation of Section 9.1.1 of the ADAAG.

B. The gate to gain entry to the pool area is not operable with a closed fist, in violation of section 4.13.9 of the ADAAG.

**Outdoor Pool**

A. There is no water access for a wheelchair user, in violation of Section 9.1.1 of the ADAAG.

B. The gate to gain entry to the pool area is not operable with a closed fist, in violation of section 4.13.9 of the ADAAG.

C. The restrooms are not fully complaint, in violation of several sections of the ADAAG.

18. The discriminatory violations described in paragraph 17 are not an exclusive list of the Defendants' ADA violations. Plaintiff requires the inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.

19. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that has existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendants' place of public accommodation since January 26, 1992, then the Defendant are required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally if the Defendants' facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993 as defined in 28 CFR 36.401 then the Defendants' facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

20. Appendix A to Part 36 - Standards for Accessible Design (28 CFR Part 36, App. A) sets out guidelines for accessibility for buildings and facilities. These guidelines are to be applied during design, construction and alteration of such buildings and facilities to the extent required by regulations issued by Federal Agencies, including the Department of Justice, under the ADA.

21. Defendants have discriminated against the individual and corporate Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq., and 28 CFR 36.302 et seq. Furthermore,

the Defendants continue to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

22. The individual Plaintiff and all other individuals similarly situated have been denied access to, and have been denied the benefits of services, programs and activities of, the Defendants' buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above. The individual Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

23. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

24. Notice to Defendants are not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993 if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

25. Plaintiff is without adequate remedy at law and are suffering irreparable harm.

26. Pursuant to 42 U.S.C. § 12188, this Court is provided authority to grant Plaintiffs Injunctive Relief including an order to alter HYANNIS HARBOR HOTEL to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendants at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.

b. Injunctive relief against the Defendants including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C.§ 12205.

d.  Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

FULLER, FULLER AND ASSOC., P.A.
Attorney for Plaintiffs
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181
(305) 891-5199 - Dade
(954) 463-6570 - Broward
(305) 893-9505 - Fax

By: _____
O. Oliver Wragg, Esquire
Of Counsel
Bar Number: 643152

Date: 10-14-04

Complaint and Documents Newport Hotel Group, LLC (mm 10-5-04).wpd