UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| GEORGE IVERSON, Individually, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-CV-12299-MLW |
| ) | |
| NEWPORT HOTEL GROUP, LLC, ) | |
| a Rhode Island Corporation, and JON E. ) | |
| COHEN, DOUGLAS D. COHEN and ) | |
| RENEE COHEN, as Trustees of Hyannis ) | |
| Harborview Resort Condominium Trust, ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANTS NEWPORT HOTEL GROUP, LLC AND JON E. COHEN, DOUGLAS D. COHEN AND RENEE COHEN AS TRUSTEES OF HYANNIS HARBORVIEW RESORT CONDOMINIUM TRUST

Defendants Newport Hotel Group, LLC and Jon E. Cohen, Douglas D. Cohen and Renee Cohen as Trustees of Hyannis Harborview Resort Condominium Trust (collectively, "Defendants") hereby answer the Complaint of plaintiff George Iverson as follows:

No response is required to the unnumbered introductory paragraph on page 1 of the Complaint, which merely purports to describe and characterize the action and, accordingly, speaks for itself. To the extent that a response is required, defendants deny the allegations contained in the introductory paragraph. Further answering, defendants state that, although the plaintiff purports to be bringing this lawsuit on his behalf "and on behalf of all other individuals similarly situated", no other plaintiffs are specifically

identified in the Complaint and no motion for class certification, to defendants' knowledge, has been served.

1. No response is required to paragraph 1 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 1 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

2. Defendants admit that the Hyannis Harbor Hotel does business within and is located on land in this judicial district. No response is required to the balance of paragraph 2 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 2 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Defendants admit the allegations in paragraph 4 of the Complaint that the Hyannis Harbor Hotel is located at 213 Ocean Street, Hyannis, Barnstable County, Massachusetts. Any other allegations in this paragraph are denied.

5. No response is required to paragraph 5 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 5 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

6. No response is required to paragraph 6 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants

state that any applicable law speaks for itself and deny any allegations in paragraph 6 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

7.  No response is required to paragraph 7 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 7 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

8.  No response is required to paragraph 8 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 8 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

9.  No response is required to paragraph 9 of the Complaint, which merely purports to assert to legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 9 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second and fourth sentences in paragraph 10 of the Complaint. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence of paragraph 10 of the Complaint, although defendants admit that any applicable law speaks for itself and deny any allegations in the third sentence of paragraph 10 inconsistent therewith. Defendants further deny the reference to "Defendants' facility" in the third sentence of paragraph 10 of the Complaint.

GSDOCS-1428733-1

11.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13.  Defendants admit that Hyannis Harbor Hotel is located at 213 Ocean Street, Hyannis, MA 02601. Defendants also admit that any applicable law speaks for itself and deny any allegations in paragraph 13 of the Complaint inconsistent therewith. Defendants deny any remaining allegations contained in this paragraph.

14.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19.  No response is required to paragraph 19 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 19 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied

20. No response is required to paragraph 20 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 20 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint, although defendants deny that there is a "corporate plaintiff" in this case.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, although defendants deny any reference to both "defendants' buildings and its facilities" or "defendants' place of public accommodation".

23. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. No response is required to paragraph 24 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 24 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

25. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. No response is required to paragraph 26 of the Complaint, which merely purports to assert legal conclusions. To the extent that a response is required, defendants state that any applicable law speaks for itself and deny any allegations in paragraph 26 of the Complaint inconsistent therewith. Any other allegations in this paragraph are denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff lacks standing to maintain the claims alleged in the Complaint.

## SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed for insufficient service of process.

## FOURTH AFFIRMATIVE DEFENSE

The Complaint seeks relief that is not readily achievable.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust his administrative remedies pursuant to 42 U.S.C. § 2000a-3(c).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has misnamed one or more of the defendant parties.

WHEREFORE, defendants respectfully request that the Court dismiss plaintiff's Complaint with prejudice, and that the Court grant defendants such other and further relief as it deems just and proper.

>NEWPORT HOTEL GROUP, LLC, AND JON E. COHEN, DOUGLAS D. COHEN AND RENEE COHEN AS TRUSTEES OF HYANNIS HARBORVIEW RESORT CONDOMINIUM TRUST,
>
>By their attorneys,
>
>_____
>Leonard H. Freiman (BBO #560233)
>Goulston & Storrs
>A Professional Corporation
>400 Atlantic Avenue
>Boston, Massachusetts 02110-3333
>(617) 482-1776
>lfreiman@goulstonstorrs.com

Dated: November 30, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of November 2004, I served copies of the Answer of Defendants Newport Hotel Group, LLC and Jon E. Cohen, Douglas D. Cohen and Renee Cohen as Trustees of Hyannis Harborview Resort Condominium Trust by causing copies thereof to be forwarded in the manner indicated below to:

**(via facsimile and first class mail)**
O. Oliver Wragg, Esq.
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 609
North Miami, FL 33181

_____
Leonard H. Freiman

GSDOCS-1428733-1